UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                  *

   LESLIE DEAN MIRES          *     Case No. 15-24551-JS

                                                                               *              Chapter 13

       Debtor                      *

*        *        *         *         *        *        *

TRUSTEE'S AMENDED OBJECTION TO
CONFIRMATION OF CHAPTER 13 PLAN

      Gerard R. Vetter, Interim Trustee, objects to confirmation of the Debtors' plan filed March 14, 2016 for reason(s) stated below:

**OUTSTANDING ITEMS FROM PRIOR OBJECTION FILED ON DECEMBER 17, 2015:**

      1.    Under 11 U.S.C. §1325(b)(1), as to unsecured claims, the plan must either (i) ensure that the value, as of the effective date of the plan, of property to be distributed on each claim is not less than the amount of the claim (meaning that the plan must pay the *present value* of each claim), OR (ii) must dedicate the full amount of the disposable income to the plan.  In this case, the plan is $453 or more short of dedicating available disposable income.  Additionally, because the plan fails to provide an appropriate discount rate on unsecured claims to ensure that allowed claims are paid their present value, the plan also fails to comply with the alternative prong of the confirmation requirement established under §1325(b)(1).

**OUTSTANDING ITEMS FROM PRIOR OBJECTION FILED ON JANUARY 8, 2016:**

      2.    The Debtor must timely file the required Pre-Confirmation Certification per Local Bankruptcy Rule 3015-2.

**OUTSTANDING ITEMS FROM PRIOR OBJECTION FILED ONAPRIL 11, 2016:**

      3.    The Debtor has failed to provide documentation needed to evaluate whether the plan complies with the confirmation requirements of Chapter 13 (i.e., Deed; valuation of real property; and, 2014 Maryland income tax return).

      4.    The plan fails to provide for payment of the priority claim filed by State of Maryland Comptroller ($8,717.00).

      5.    The plan fails to provide for payment of the two (2) secured claims filed by the Mayor and City Council of Baltimore ($458.79 and $180.00 respectively).  The Trustee asserts the Debtor must provide for an appropriate discount rate on the secured claim to ensure that the creditor receives the <u>present value</u> of the secured claims.

**NEW OBJECTION(S):**

   6. The Debtor has failed to make one (1) of the seven (7) plan payments due in this case.  The default is $600.00.

Dated: June 3, 2016           /s/ *Gerard R. Vetter*
                  Gerard R. Vetter, Interim Trustee
                  300 E. Joppa Road, #409
                  Towson, MD  21286
                  inquiries@ch13balt.com
                  (410) 825-5923

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on June 3, 2016 a copy of the foregoing Objection to Confirmation of Chapter 13 Plan was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

LESLIE DEAN MIRES
5210 SIPPLE AVENUE
BALTIMORE, MD 21206


JAMES R. LOGAN ESQUIRE
2419 MARYLAND AVENUE
BALTIMORE, MD 21218-0000

                  /s/ *Gerard R. Vetter*
                  Gerard R. Vetter, Interim Trustee